

# Yale Law School

KATE STITH · *Lafayette S. Foster Professor of Law*

March 20, 2018
(revision of request sent on February 21, 2018)

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
One Columbus Circle, N.E.
Washington, DC 20544

To Whom It May Concern:

    I am writing to request an order of exemption from PACER fees in all 94 district courts in order to conduct academic research regarding the filing of prior drug felony informations pursuant to 21 U.S.C. § 851. I am a Yale Law School law professor who studies criminal law, criminal procedure, and constitutional law.

    My research has been published in the Yale Law Journal, the Harvard Law Review, the Stanford Law Review, and the Federal Sentencing Reporter, among other publications. I have also published research in numerous books and spoken at many academic conferences and fora. Recently, I have become interested in the Attorney General guidance issued to United States Attorney offices and how they influence federal sentencing enhancements, particularly under 21 U.S.C. § 851.

    My proposed project has two main objectives. The first is to understand the frequency and fraction of individuals convicted of federal narcotics trafficking who are sentenced under the enhanced sentencing statutes of 21 U.S.C. § 851, which requires that any mandatory minimum sentence be doubled if the prosecuting attorney files in the district court an information demonstrating a previous felony trafficking conviction. Right now, there is limited information about the prevalence of these enhanced sentences within the Department of Justice, the federal courts, and the United States Sentencing Commission. This project would elucidate recent trends in the use of this sentencing enhancement.

    The second purpose of this project is to better understand the relationship between the Department of Justice and the U.S. Attorney offices. In particular, we are interested in compliance with a memo issued by Attorney General Eric Holder that directed U.S. Attorney offices to only seek sentencing enhancements under 21 U.S.C. § 851 in the most egregious cases.[1] Because we do not know the previous pattern of filing these enhancements or what occurred after this memorandum was issued, we cannot answer the seemingly simple question of whether the U.S. Attorney offices complied. This research project seeks to investigate this question.

---

[1] Memorandum from Eric H. Holder, Jr., Att'y Gen. of the United States, to U.S. Att'ys and Assistant U.S. Att'ys for the Crim. Div., Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013).

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
March 20, 2018
Page 2

The PACER fee schedule indicates a court may grant a fee waiver to an individual researcher associated with an academic institution if the individual researcher demonstrates that paying the normal access fees would result in an unreasonable burden and that the waiver will promote public access to information.[2] While there is a substantial amount of information not requiring PACER access regarding the number and types of criminal cases, these sources do not contain the information about whether a prosecutor sought a sentencing enhancement under § 851. Our project has been in contact with U.S. Attorney offices, the Department of Justice, and the United States Sentencing Commission, none of which has collected this data. After significant investigation, we have determined that the dispositive source for this information is the case docket itself. Because of the nature of PACER fees, however, compiling this information for a single year would likely cost tens of thousands of dollars. Paying the PACER fees for access to these documents constitutes an unreasonable burden and would likely make it impossible to complete this project.

This research will promote public access to information by illuminating the use of a significant statutory sentencing enhancement in drug trafficking cases and also by examining the nature and structure of the U.S. Department of Justice and how it relates to the federal prosecuting offices.

The PACER fee schedule also indicates that the researcher must also show that the defined project is narrow in scope, that the information accessed will not be redistributed on the internet, and that the researcher will not use this information for commercial purposes.[3]

This project is narrow in scope because it is solely concerned with sentencing in federal drug trafficking cases. In particular, we will only be investigating cases in which defendants have been charged under the statutes that may trigger a sentencing enhancement under 21 U.S.C. § 851, namely 21 U.S.C. §§ 841, 846, 952, 953, 960, and 963. On average, this represents 140 cases per district per year.[4] This project anticipates retrieving docket information for as long as it is available on PACER in each district. Assuming that approximately 15 years of docket information is available on PACER, this would mean retrieving information from about 2,100 cases per district, on average.[5]

This project is also narrow in scope because it does not encompass civil cases or other types of prevalent federal criminal cases.

---

[2] JUDICIAL CONFERENCE, ELECTRONIC PUBLIC ACCESS FEE SCHEDULE 3 (2013), http://www.pacer.gov/documents/epa_feesched.pdf.
[3] *Id.*
[4] There is significant variation in the number of cases where a defendant has been charged under these statutes in a given year. This variation appears to be caused by the size of the district and the particular law enforcement environment in that district. Some districts have a few dozen cases per year, while a smaller number have several hundred cases per year. This analysis was performed using the Federal Judicial Center's Integrated Database. For the purposes of this analysis, year indicates the fiscal year in which a case was initiated.
[5] This project is assuming 15 years of available data because the Administrative Office of the U.S. Courts has informed me that criminal cases are not available on PACER before 2004. Since PACER was rolled out in different districts at different times, this number will likely vary and will be lower for districts that began recording criminal cases in PACER after 2004.

Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
March 20, 2018
Page 3

    None of the data obtained from this project will be redistributed on the internet or used for commercial purposes. This project will not use PACER for anything other than the academic study of law, and this project will not use PACER for the practice of law, representing clients, or any other fee-generating purpose.

    Before submitting the present application, I requested PACER fee exemptions from six district courts, and, have thus far been granted exemptions from four districts —the Southern District of New York, the Northern District of Iowa, the Middle District of Florida, and the District of Connecticut.

    Without access to these dockets and related litigation materials, it may well be impossible to continue this research project. I would be very grateful if you could assist me in completion of this project. I therefore request a fee waiver from PACER for documents held by the 94 U.S. district courts. PACER access will be used only for academic research. I would like to request a fee waiver for the duration of a year and, if possible, beyond.

    If you have any questions, please feel free to get in touch with me. Thank you for your help.

                                                  Sincerely,

                                                Kate Stith
                                                Lafayette S. Foster Professor of Law
                                                Yale Law School